UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEBORAH GRANGER, o/b/o ) <br> her deceased husband, ) <br> MICHAEL GRANGER, ) <br>     Plaintiff, ) <br>   vs. ) <br> ) <br> MICHAEL J. ASTRUE, ) <br> Commissioner of Social Security, ) <br>     Defendant. ) | 1:06-cv-0213-LJM-WTL |

**ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

This cause is now before the Court on plaintiff's, Deborah Granger ("Granger"), on behalf of her deceased husband, Michael Granger ("Michael"), Motion for Award of Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. Defendant, Michael J. Astrue, Commissioner of Social Security (the "Commissioner"), opposes Granger's motion on the basis that his position was substantially justified and, in the alternative, even if the Court concludes that attorney's fees are justified, the amount Granger requested should be reduced because the requested amount is unreasonable.

For the reasons stated herein, the Court **GRANTS** Granger's motion for attorney's fees.

**I. STANDARD UNDER 28 U.S.C. § 2412**

Under the Equal Access to Justice Act ("EAJA"), the Court may award a successful litigant in a suit against the Commissioner her attorney's fees if (1) she is a prevailing party; (2) the Commissioner's position was not substantially justified; (3) there existed no special circumstances that would make an award of attorney's fees unjust; and (4) she filed a timely application with the

Court. *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006). In the instant case, the Commissioner asserts that Granger is not entitled to fees because his position was substantially justified. The Commissioner has the burden of showing that his position was substantially justified. *Id.* at 864. "[F]or the Commissioner's position to be substantially justified, it must have a reasonable factual and legal basis, and there must exist a reasonable connection between the facts and [his] legal theory." *Id.* Moreover, his position must be stronger than merely non-frivolous; but it need not be correct. *See Pierce v. Underwood*, 487 U.S. 552, 565-66 & 566 n.2 (1988). The question is whether reasonable persons could differ as to the appropriateness of the contested action. *See Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992) (citing *Pierce*, 487 U.S. at 565).

## II. DISCUSSION

In his objection to Granger's EAJA petition, the Commissioner argues that Granger did not win on every basis of her appeal, she only won on the basis that the Administrative Law Judge ("ALJ") did not clearly articulate his reasoning. As such, the Commissioner contends that the Court should follow the reasoning in *Stein* to find that his position was substantially justified.

Granger asserts that under *Conrad v. Barnhart*, 434 F.3d 987, 991 (7th Cir. 2006), there is no *per se* rule that precludes an award of EAJA fees whenever the alleged error in the underlying decision is the failure to articulate reasoning. Granger argues that in this case the multitude of the errors in the ALJ's opinion that were cited by the Court in its opinion leads to the conclusion that, in this case, the Commissioner's decision on appeal was not substantially justified.

The Court agrees with Granger that, unlike the situation in *Stein*, the ALJ's errors in this case warrant a finding that the Commissioner's position was not substantially justified. Although it is

2

true that the Court rejected one of Granger's arguments for remand, the Court found ample reasons to support Granger's arguments that the ALJ failed to consider important evidence in addition to the fact that the ALJ failed to clearly articulate his reasoning on his residual functional capacity ("RFC") determination and on this credibility determination. Specifically, with respect to the ALJ's RFC determination, the Court concluded that the ALJ had failed to discuss the impact of Michael's diverticulitis on his functional limitations. Entry on Judicial Rev. (S.D. Ind. Aug. 2, 2007), at 18 ("Nowhere does the ALJ discuss whether the diverticulitis did or did not cause significant functional limitations."). Also with respect to the ALJ's RFC analysis, the Court wrote:

> Further, the ALJ was required to consider not only the diverticulitis diagnosis, but also Granger's symptoms and pain resulting therefrom. There is no indication, however, that the ALJ considered any of the evidence on symptomology or pain. The ALJ simply dismisses any of Granger's allegations that would contradict the ALJ's RFC determination.

*Id.* at 18-19 (citation to C.F.R. and quote therefrom omitted).

Similarly, the Court concluded that the ALJ had simply ignored evidence of Michael's mental limitations stating that "[d]espite [] extensive documentation of [Michael's] struggles with anxiety, a discussion of anxiety is absent from the ALJ's opinion." *Id.* at 19-20. Perhaps even more telling, is the following conclusion:

> The Commissioner argues that the ALJ "correctly recognized that clinical findings and medical opinion supported the conclusion that [Michael's] mental limitations, such as depression and anxiety, caused little if any impact on his functional capacity." Because the ALJ failed to discuss Granger's anxiety, the Commissioner's argument finds little support. Medical records from the SA psychological consultants, as well as Granger's testimony that anxiety interfered with his daily activities and caused debilitating headaches, suggest that the ALJ should have considered this evidence in his assessment of [Michael's] RFC.
>
> It is important to note that the evidence of [Michael's] anxiety is not contradicted by other evidence in the record. . . .

3

> Similarly, although the ALJ states that [Michael's] depression is not severe and does not further limit his RFC, he provides no evidentiary support for his conclusion. In spite of the SA consultant's opinion that depression did limit [Michael's] functioning somewhat, the ALJ summarily concluded, without mentioning any evidence of record, that it did not further limit his RFC. The ALJ's failure to cite to any evidence to support his conclusion despite evidence to the contrary further undermines the Court's confidence that the ALJ considered all the important evidence.

*Id.* at 20.

It is in this context in which the Court concluded that "[t]he ALJ's skeletal discussion of [Michael's] diverticulitis and depression in his RFC determination leaves the Court without adequate information to 'track the ALJ's reasoning and be assured that the ALJ considered the important evidence.'" *Id.* at 21 (quoting *Diaz v. Chater*, 55 F.3d 300, 308 (7th Cir. 1995) (further citation omitted)). In other words, it was not only that the ALJ failed to clearly articulate his reasoning, it is apparent that the ALJ failed to properly consider important evidence and made conclusory findings. Furthermore, the Court specifically concluded that the Commissioner's argument on the ALJ's behalf was without foundation.

If this were not enough support for a finding that the Commissioner's position was not substantially justified, the Court made additional findings with respect to the ALJ's credibility determinations. Specifically, the Court found that the ALJ failed to consider testimony from Granger, Michael, and a treating physician regarding Michael's level of pain. *Id.* at 21-22. The Court also found the Commissioner's argument on the ALJ's behalf in this regard lacking in foundation:

> The Commissioner also argues that the ALJ's credibility assessment was justified because [Michael] lied when he claimed that he stopped working in April 2000, citing to several points in the record at which [Michael] referenced some sort of

>activity or job. *See* R. at 268, 269, 270, 344. The ALJ, however, found that [Michael] had "not engaged in substantial gainful activity since the onset of disability.' R. at 24. Plainly, the ALJ did not base his credibility assessment on an assumption that [Michael] was lying about working, given the ALJ's finding to the contrary.

*Id.* at 22.

Based on these findings, the Court is at a loss for the Commissioner's current argument that his position was substantially justified either at the ALJ proceeding or in this Court. The Court's opinion clearly stated that the ALJ did not follow the Social Security Administration's rules for making findings and that the Commissioner's arguments with respect to two major findings of the ALJ were not credible. Likewise, the Commissioner's argument here are unavailing.

Similarly, the Commissioner's arguments that Granger's attorney's fees are excessive are without merit, except to the extent that Granger has conceded that a total reduction of $351.55 is warranted. Granger's motion for attorney's fees and Motion to Amend the Award of Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, in order to add time spent drafting and defending the EAJA petition should be **GRANTED** in their entirety.

### III. CONCLUSION

For the foregoing reasons, plaintiff's, Deborah Granger, on behalf of her deceased husband, Michael Granger, Motion for Award of Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, and Plaintiff's Motion to Amend the Award of Attorney's Fees and Costs Pursuant to the Equal Access for Justice Act, 28 U.S.C. § 2412, are **GRANTED**. Counsel for plaintiff, Jame Goldstein is entitled to Equal Access for Justice Act attorney's fees in the amount of $8,405.00, and plaintiff, Deborah Granger, on behalf of her deceased husband, Michael Granger, is entitled to Equal Access for Justice Act costs in the amount of $250.00.

IT IS SO ORDERED this 7th day of February, 2008.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Electronically distributed to:

Jame S. Goldstein
jamegoldsteinlaw@aol.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov